IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVESTER SHOCKLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 07-497-SLR ) |
| RONALD HOSTERMAN and THOMAS CARROLL, and JOHN DOE PRISON OFFICIALS, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of November, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Sylvester Shockley, an inmate at the Delaware Correctional Center, Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff alleges violations of his constitutional right to equal protection and due process, retaliation, unlawful removal from his prison job, reclassification, and violations of state rules and regulations. Plaintiff filed a similar lawsuit on April 20, 2006, against Ronald Hosterman and Thomas Carroll. Shockley v. Hosterman, Civ. Action No. 07-216-SLR, dismissed June 21, 2007.

2. In Civ. No. 07-216-SLR, plaintiff alleged violations of his right to equal protection and due process, retaliation, unlawful removal from his prison job in the

prison braille program, reclassification, deprivation of the right to earn good time credits and monthly wages, and violations of state rules and regulations that he was unlawfully, and without valid reason, removed from his work assignment and reclassified by the IBCC.  More particularly, he alleged his work reassignment was in retaliation for a "not guilty" finding of charges brought against him as a result of a January 6, 2006 shakedown.  Finally, he raised an equal protection claim alleging discrimination because he was removed from his work assignment when he was found "not guilty" of violating prison rules, but another inmate worker who was found guilty of violating prison rules was reinstated to his prison job.  After reviewing the complaint, all the claims raised were dismissed.

3. The complaint in the present case Civ. No. 07-216-SLR, contains the same allegations and is brought against the same defendants as in the present case.  The main differences are that plaintiff adds as defendants John Doe Prison Officials and adds a few facts regarding a June 8, 2007 response he received from Deputy Warden Betty Burris reiterating that plaintiff would not return to the braille program.  (D.I. 2, ¶ 24)

4. **Standard of Review**.  When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.

5. A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting Pittman v. Moore, 980 F.2d at 994-95).

6. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

7. **Discussion**. After reviewing the allegations in the present case and the allegations in Civ. No. 07-216-SLR, the court finds the current action is malicious, as that term is defined in the context of § 1915. Plaintiff names the same defendants, albeit adding John Doe defendants. Moreover, it is obvious in reading both complaints that they contain many of the same allegations all within the same time-frame as in the present complaint.

8. The present complaint falls squarely within the definition of maliciousness. It duplicates allegations of another pending federal lawsuit that plaintiff filed. Additionally, any claims newly raised in the present complaint arise out of a common nucleus of operative facts that could have been brought in the prior litigation in Civ. No. 07-216-SLR.

9. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

                                                                                                             /s/ Sue L. Robinson
                                                                                     UNITED STATES DISTRICT JUDGE