IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVESTER SHOCKLEY,<br>    PLAINTIFF, | )<br>)<br>) |
| v. | )    Civ Action No. 07-497-SLR |
| | ) |
| RONALD HOSTERMAN AND<br>THOMAS CARROLL AND JOHN<br>DOE PRISON OFFICIALS,<br>    DEFENDANTS. | )<br>)<br>)<br>) |

**MOTION TO ALTER OR AMEND JUDGMENT
PURSUANT TO FEDERAL RULE CIV. P. 59 (e).**

FILED
NOV 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
Scanned

Plaintiff Sylvester Shockley moves the Court to alter or amend the judgment, i.e., **"MEMORADUM ORDER"** entered in this action on November 13, 2007 by the United States District Court on the ground that: "the complaint is malicious because it duplicates allegations of another pending federal lawsuit by the Plaintiff and because it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation" relying on Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); and §1915 (e)(2)(B) and §1915A(b)(1); insofar as the judgment is clearly erroneous and amounts to an abuse of discretion for reasons, as follows:

1.)      In light of the fact that Plaintiff Sylvester Shockley (Shockley), is an inmate at the Delaware Correctional Center and filed this civil rights action pursuant to 42 U.S.C. §1983, and appears pro se and was granted **IN FORMA PAUPERIS** status pursuant to 28 U.S.C. §1915 dismissal is not appropriate under §1915

(e)(2)(B) or §1915 A(b)(1) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2L.Ed. 2d 80 (1957). In addition, Plaintiff alleges violations of his constitutional rights to due process, equal protection and related claims, Id. Complaint. An action is frivolous if it "lacks an arguable basis in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3rd Cir. 1995).

2.) In performing the Court's screening function under §1915 (e) (2) (B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12 (b) (e). In this case, the Court relies in part, upon the decision, Pittman v. Moore, 980 F.2d 995 (5th Cir. 1993), however, the facts and circumstances in Plaintiff's case are distinguishable from those set forth in Pittman v. Moore, in that Plaintiff's present claims are not the same as those brought forth in his prior complaint, Shockley v. Hosterman, Civ. Action No. 07-216-SLR filed April 20, 2006, dismissed June 21, 2007. In addition, plaintiff does not have any action currently pending before another District Court.

3.) It appears possible, if not probable, that Plaintiff probably could have amended his prior complaint, Shockley v. Hosterman, supra., dismissed June 21, 2007, to include the allegations of the instant complaint had the Court accepted all the

factual allegations in Plaintiff's prior complaint as true and taken them in the light most favorable to "Shockley". Christopher v. Harbury, 536 U.S. 403, 406 (2002). Instead, the District Court elected to forego giving "Shockley" that option. The District Court's MEMORANDUM ORDER entered in this action on November 13, 2007, is clearly erroneous on the basis that Plaintiff['s instant action cannot be held malicious within the meaning of the statute(s) §1915 (e)(2)(B) or §1915 A(b)(1). Simply put, Shockley's §1983 complaint does not fall into either category of duplicative and/or repetitive to be considered malicious, on the basis of a single prior complaint which was not pending at the time of the filing of the instant action without further analysis. Consequently, the District Court dismissed Shockley's complaint "in a conclusory fashion" and "without the benefit of any evidence."

4.)  United States District Court Judge Sue L. Robinson found that Shockley was indigent under 28 U.S.C. §1915 (a) and (b)(1) and had not collected the three strikes that would have prevented Shockley from proceeding despite Shockley's indigency. All that was left was for Judge Robinson to determine if the complaint was frivolous or malicious, failed to state a claim, or sought damages from an immune defendant. See 28 U.S.C. §1915 (e), (g) and 1915A. Again, an action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, supra., or the claims "are or little or no weight, value, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3rd Cir. 1995). Moreover, clearly Shockley's complaint sufficiently set forth a short and plain statement of the

claims showing that the Plaintiff is entitled to relief, <u>Conley v. Gibson</u>, supra., Id. at complaint passim. Judge Robinson, however, decided that she did "not intend to allow [Shockley] to begin another lawsuit. She also noted incorrectly that Shockley has another pending federal lawsuit. She then dismissed the otherwise instant meritorious complaint on this definition of maliciousness ground which constitutes an abuse of discretion.

5.)   To begin with, the wording and substance of Shockley's instant action is not identical to the prior action. Nonetheless, the District Court concluded that plaintiff was using the Court as a stage for abuse and maliciously filed a complaint as to previously litigated matters in order to abuse the judicial process. Id. Mem. Ord. passim. In contrast, the facts of the case sub judice do not support the inference that Plaintiff's lawsuit was brought for the purpose of maliciously abusing the judicial process. Consequently, the District Court erred in its sua sponte dismissal of the complaint under 28 U.S.C. §1915 (e)(2)(B) for maliciousness. Dismissal is not appropriate during initial screening of prisoner's complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief; this rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se. 28 U.S.C.A. §1915 (a), (e)(2)(B), <u>Nash v. McGinnis</u>, 315 F. Supp. 318 (2004) where the Court has only the prisoner's complaint to evaluate, there is insufficient information before the Court to make

necessary assessment of prisoner's claims under the standards promulgated for assignment of Counsel. 28 U.S.C. §1654.

6.) In Andrews v. King, 398 F.3d 1113, 1121 (9th cir. 2005), the Court held that a lawsuit is malicious if it was filed with the "intention or desire to harm another." Some examples of malicious lawsuits are those that threaten violence or contain disrespectful references to the Court. See Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam) (properly characterized as malicious). Spencer v. Rhodes, 656 F. Supp. 458, 464 (E.D.N.C.), aff'd, 826 F.2d 1061 (4th Cir. 1987) (complaint filed for purposes of vengeance and not to redress a legal wrong was malicious); those that repeat the same allegations from prior lawsuits; Horsey v. Asher, 741 F.2d 209, 213 (8th Cir 1984) (a complaint may be dismissed under §1915 (d) if it is "plainly part of a long standing pattern of abusive and repetitious lawsuits.").

7.) Shockley's pleadings do not contain abusive or derogatory comments about the other parties or the Courts; nor is his complaint part of a longstanding pattern of abusive and repetitious lawsuits. Id. Finally, although defendants had not yet filed a responsive pleading, the District Court denied Shockley opportunity to amend. First addressing whether §1915 of the PLRA bars a prisoner from amending his complaint pursuant to FRCP 15 (a) the Court held in Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002), "that Section 1915 (e)(2)(B)(ii) does not allow the District Court to dismiss an In Forma Pauperis complaint without

allowing leave to amend when required by Fed. R. Civ. P. 15." The Court found that nothing in the language in Sections 1915 (g) or in 1915A differs from Section 1915 (e)(2)(B)(ii) such that the Court should not allow prisoners the same benefit of Rule 15 as any other litigant.

8.) Additionally, several Circuit Courts have held that the screening provisions of the PLRA do not repeal Rule 15 (a) nor preclude a Court from granting leave to amend. See e.g., Gomez v. USAA Federal Savings Bank, 171 F.3d 794 (2nd Cir. 1999); Cruz v. Gomez, 202 F. 3d 593 (2nd Cir. 2000); Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc); Perkins v. Kansas Dep't of Corr., 165 F.3d 803 (10th Cir. 1999); and Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000).

**WHEREFORE**, Plaintiff respectfully request that this Court, at its earliest convenience, and no later than 15 days following the filing of this Motion, enter an order, substantially altering or amending the November 13, 2007 MEMORANDUM ORDER and reinstating the instant action.

*/s/ Sylvester Shockley*
Sylvester Shockley

DATED: November 19, 2007

I, Sylvester Shockley, hereby certify that I have served a true and correct cop(ies) of the attached: MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59 (e) upon the following parties/person(s):

TO:   THE CLERK OF THE UNITED STATES

DISTRICT COURT FOR DELAWARE

844 KING STREET, LOCKBOX 18

WILMINGTON, DELAWARE  19801

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE  19977

On this 19th day of November 19, 2007.

*Sylvester Shockley*

I/M Sylvester Bradley
SBI# 090135  UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

Office of the Clerk
United States District Court
844 N. King St, Lockbox 18
Wilmington, Delaware
19801-3570