IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVESTER SHOCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-497-SLR |
| | ) |
| RONALD HOSTERMAN and THOMAS | ) |
| CARROLL, and JOHN DOE PRISON | ) |
| OFFICIALS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 14ᵗʰday of January, 2008, having reviewed plaintiff's motion to alter or amend judgment pursuant to Federal Rule Civ. P. 59(e), which the court construes as a motion for reconsideration, IT IS ORDERED that the motion (D.I. 7) is **denied** for the reasons that follow:

1. **Background**. Plaintiff, who appears pro se and was granted leave to proceed in forma pauperis, filed this civil rights case pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights to equal protection and due process, retaliation, unlawful removal from his prison job, reclassification, and violations of state rules and regulations. Plaintiff filed a similar lawsuit on April 20, 2007, against Ronald Hosterman and Thomas Carroll in Shockley v. Hosterman, Civ. Action No. 07-216-SLR, dismissed June 21, 2007, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. It was found that amendment of the complaint would be futile.

2. In screening this case, the court determined that Civ. Action No. 07-216-SLR

contained the same allegations and was brought against the same defendants as in the present case, with the main differences that plaintiff added as defendants John Doe prison officials and added a few facts regarding a June 8, 2007 response he received from deputy warden Betty Burris reiterating that plaintiff would not be allowed to return to the braille program. (D.I. 2, ¶ 24) Accordingly, on November 8, 2007, the court dismissed this case without prejudice finding that it met the definition of maliciousness as it duplicates allegations of another pending federal lawsuit that plaintiff filed. The court further found that any new claims raised by plaintiff arose out of a common nucleus of operative facts.

3. Plaintiff moves for reconsideration of the dismissal on the basis that the court's memorandum order is clearly erroneous and amounts to an abuse of discretion. (D.I. 7) More particularly, he contends that his complaint should not have been dismissed as malicious as the claims he raises are not the same as the claims in Civ. Action No. 07-216-SLR and because, other than the present action, he had no action pending before the court. Plaintiff asserts that he "probably could have amended his prior complaint" in Civ. Action No. 07-216-SLR "to include the allegations of the instant complaint had the court accepted all the factual allegations" in his prior complaint as true and taken them in the light most favorable to him. Finally, plaintiff argues that § 1915(e)(2)(B)(ii) does not allow the court to dismiss the current complaint without giving him leave to amend.

4. **Standard of Review**. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v.

2

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

5. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument is only appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

6. **Discussion**. While a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff," Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993), repetitive litigation or duplicative claims are also considered malicious for purposes of § 1915. Dorsey v. Seal, Civ. Action No. 05-1896, 2007 WL 2792061, at *5 (E.D. La. Sept. 20, 2007); Jones v. Social Sec. Admin., No. C.A. 03-12436-DPW, 2004 WL 2915290, at *4 (D. Mass. Dec. 14, 2004); McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003);

3

Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb.

25, 2004) McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL

21355439, at *2 (N.D. Tx. June 6, 2003); see also Bailey v. Johnson, 846 F.2d 1019 (5th

Cir. 1988) (an in forma pauperis complaint that merely repeats pending or previously

litigated claims may be considered abusive and dismissed under th authority of § 1915).

Here, even though there are no other pending cases, plaintiff filed a case that contains

repetitive or duplicative claims and, therefore, it may be considered malicious.

     7. As mentioned, the court dismissed Civ. Action No. 07-216-SLR as frivolous

and for failure to state a claim upon which may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (ii). While not discussed in detail, the memorandum order

dismissing this action made reference to the fact that the allegations duplicated 07-216-

SLR and that any newly raised claims in this action arose out of a common nucleus of

operative facts and could have been raised in Civ. Action No. 07-216-SLR. Although a

dismissal as frivolous pursuant to § 1915(e)(2)(B)(i) is not a dismissal on the merits, "[i]t

could, however, have a res judicata effect on frivolousness determinations for future in

forma pauperis petitions." Denton v. Hernandez, 504 U.S. 25, 34 (1992)(citations

omitted). Plaintiff is clearly raising the same allegations and is, once again, proceeding

in forma pauperis. Moreover, a dismissal for failure to state a claim upon which relief

can be granted under § 1915(e)(2)(B)(ii) constitutes a "final judgment on the merits" for

the purposes of res judicata. See, e.g., Cieszkowska v. Gray Line New York, 295 F.3d

204 (2d Cir. 2002) (giving res judicata effect to a prior suit which had been dismissed

under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be

granted and, hence, barring a second suit.). Based upon the foregoing, this case is

barred under the doctrine of res judicata or claim preclusion.

8. Plaintiff claims that he is entitled to amend this complaint. Leave to amend should be granted unless amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). Plaintiff's first case, Civ. Action No. 07-216-SLR, was dismissed with a finding that amendment of the complaint would be futile. Similarly, in this case, amendment would be futile.

9. Plaintiff disagrees with the court's November 8, 2007 screening order dismissing this case. The court has thoroughly reviewed the complaint in this case and in Civ. Action 07-216-SLR, however, and finds that there is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration.

UNITED STATES DISTRICT JUDGE

5