BLD-146

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 07-4599
_____

SYLVESTER SHOCKLEY,
Appellant

v.

RONALD HOSTERMAN;
THOMAS CARROLL;
JOHN DOE PRISON OFFICIALS

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00497)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2008

Before: McKEE, RENDELL and SMITH,  Circuit Judges
_____

JUDGMENT
_____

This cause came to be considered on the record from the United States District
Court for the District of Delaware and was submitted for possible dismissal pursuant to
28 U.S.C. § 1915(e)(2)(B) or summary action pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 on February 28, 2008.  On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the appeal is dismissed under 28
U.S.C. § 1915(e)(2)(B).  All of the above in accordance with the opinion of this Court.

ATTEST:
/s/Marcia M. Waldron, Clerk

DATED: April 2, 2008

07-4599
Sylvester Shockley v. Thomas Carroll
Page 2

**Certified as a true copy and issued in lieu
of a formal mandate on**  07/09/08

**Teste:** *Marcia M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit**

BLD-146
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4599
_____

SYLVESTER SHOCKLEY,
Appellant

v.

RONALD HOSTERMAN;
THOMAS CARROLL;
JOHN DOE PRISON OFFICIALS
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00497)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2008

Before:  McKEE, RENDELL and SMITH, Circuit Judges

Filed: April 2, 2008
_____

OPINION OF THE COURT
_____

PER CURIAM

　　Sylvester Shockley appeals from the dismissal of his civil rights lawsuit against

several prison officials under 28 U.S.C. § 1915(e).  For the forgoing reasons, we will

dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).

      Shockley, an inmate at Delaware Correctional Center ("DCC"), filed a complaint

under 42 U.S.C. § 1983, alleging violations of his constitutional rights when he was

removed from his position with the Braille Program at the DCC.  According to the

complaint, in January 2006, prison officers conducted a "shakedown" in the Braille

Program room, whereby they found unauthorized items.  Prison officials issued a

disciplinary report to Shockley because they found an open razor blade in his work area,

and as a result of the charges, officials suspended Shockley from the program.  After a

hearing, a disciplinary officer found Shockley not guilty of the charges, and he was

reinstated to the program.  Weeks later, however, defendants Ronald Hosterman and/or

the so-called "John Doe Prison Officials" ordered that Shockley be suspended from the

program pending reclassification.  Although a classification committee approved

Shockley's return to the Braille Program, Shockley was ultimately reclassified out of the

program and he was informed that he would not be returning to the program.  Shockley

contends that Defendant Thomas Carroll ignored his objections to the reclassification,

and that he only received a statement in June 2007 from the deputy warden simply telling

him that he would not be returning to the Braille Program.  Based on these events,

Shockley alleges violations of the Due Process and Equal Protection Clauses, as well as

retaliation by prison officials.

2

Shockley originally filed suit on these essential facts[1] in April 2007 against Hosterman and Carroll. After screening the case pursuant to 28 U.S.C. § 1915, the District Court dismissed it without prejudice because it was frivolous and because none of Shockley's claims stated a claim upon which relief may be granted.[2] The court further found that amendment of the complaint would be futile. Shockley did not appeal from that order. Instead, he filed the instant complaint in August 2007, adding the John Doe Prison Officials as defendants and supplementing the facts with a description of the June 2007 response from the deputy warden. The District Court dismissed the new complaint as frivolous or malicious because it echoed the prior complaint that had been dismissed. Shockley filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) in which he maintained that the facts and claims of the new complaint differed from the prior one he filed. The District Court denied the motion, again stating that the instant complaint duplicated the previous one that had been dismissed for frivolousness and failure to state a claim. Shockley filed this appeal.

Because Shockley is proceeding in forma pauperis, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, we must dismiss an appeal if it lacks arguable merit in fact or law. See Neitzke v. Williams, 490

---

[1] One fact not included in this prior suit was the description of a June 2007 response from the deputy warden.

[2] We interpret the District Court's dismissal "without prejudice" to mean that the dismissal was without prejudice to Shockley's filing a paid complaint. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

3

U.S. 319, 325 (1989).

We agree with the District Court that the recent complaint is barred under the principles of res judicata.  A dismissal under the in forma pauperis statute for frivolousness carries preclusive effect for purposes of any future in forma pauperis actions.  See Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam) (quoting Denton v. Hernandez, 504 U.S. 25, 34 (1992) (dismissal under § 1915(e) "could . . . have a res judicata effect on frivolousness determinations for future in forma pauperis petitions")).  Shockley's latest complaint is clearly based upon the same transactions and occurrences at the center of his previous complaint: his reclassification and removal from his work assignment and the institution's response to his protestations.  His recent legal claims do not differ in any significant way from his prior claims.  Furthermore, his attempt to add John Doe Prison Officials to the other defendants he named before does not change this conclusion because they are all prison officials in privity with one another.  See Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999) (doctrine prohibits successive suits against the same defendants and those in privity with them based on the same underlying events).  Shockley's second lawsuit, filed after the court adjudged the first to be frivolous, lacked arguable merit in fact or law because it was barred under the principles of res judicata as announced in Denton.  Likewise, his appeal from that second dismissal also lacks any arguable merit in fact or law.

4

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).